It's a pleasure to meet you, Judge Miller, Judge Cote, Judge Lin. With the Court's permission, I'd like to reserve three minutes for reply. Keep an eye on your clock. Okay, thank you. So we've come to lure you away from the Silk Road and Bitcoin through the little hole in the hedge that leads to Admiralty jurisdiction and salt air, or at least in our case, alpine air. This Court is obviously extremely well prepared. I've asked for oral argument primarily to answer any questions that the Court may have, but along the way, I'd like to make three or at least emphasize three points. And the first is this. Since we are here, in our view, to rescue my client, Appellant Marian LaTosha Willis, from delays that are imposed upon her by the injunctions entered by the Eastern District, I think it's important to remember that this litigation springs from a jet ski accident that occurred seven years ago in the summer of 2016. The litigation itself, and by litigation, I mean both the state court wrongful death claim and the Lola petition that's been filed in federal court, is now more than six years old. The Lola petition was filed in the spring of 2017. The state court action was filed a few months later in the summer. And yet, we still do not have a trial date in either case. There has never been a trial date set in the Lola action, and we have lost four trial dates now in the state court action. We lost one to COVID, but we lost the next three to lower court decisions that were not just erroneous, but which constituted abuses of discretion. This Court has, this is the fourth interlocutory appeal we've brought. This Court has already reversed two of those abuses. The California Court of Appeal reversed the third abuse. We're here to discuss the fourth, which leads me to the second point. All four of those abuses were invited by the appellee, Willis Fortz-Reynolds, WSR. And WSR has become the tail that's wagging this dog. WSR is just one of five defendants in this case. Do you really want to try the federal case? I do not. I do not. So what you're really complaining about is not trying the state case. That's exactly right. So if we narrow the injunction, are you happy? Well, yes. I'm happy. I could be happier, but I'm certainly happy with that result. And I think and hope that what Your Honor is speaking about is the breadth of the injunction. As things stand, this injunction brings the entire case to a halt. And I think that gives the appellee way too much leverage here. What it's done is it's used its status as a vessel owner to somehow deprive us of our saved rights to choose the forum and have a constitutionally guaranteed jury. Remember, our jury in state court is guaranteed by Article 1, Section 16 of the California Constitution. So the current order robs us of that ability to sue anybody. And that's the over breadth. Can I ask why? I mean, so the most you can get from WSR is $5,000, right? Well, if the court ultimately finds that they're entitled to a limitation, which raises the substantive issues on the Limitation Act. We're not talking about those here. We're talking solely about the procedural. Okay. Just I appreciate that that's not before us, but just sort of to indulge me for a moment. Of course. Do you have some argument? What is the argument that you're going to make that they're not entitled to limitation? Oh, I'm not going to make that argument. As I think Judge Lynn pointed out, I hope I never reach that argument. Indeed, if I get a verdict against the other four defendants, I don't care about WSR because admiralty gives us joint and several liability. So what's happening here is that a defendant whose defenses are a problem to begin with, about whom I don't particularly care, has managed to bring my entire lawsuit. Why do you want them into the state case then? Just for discovery? I don't. Here's what happened, Your Honor, and this is really important to understand. We never sued WSR. Before WSR was sued by anybody, they filed a preemptive LOLAP petition, which they served on my client and the two tourists to whom they rented the jet ski. Once that suit was brought, we can't even settle out with WSR without losing joint and We've been trying to do everything we could over the last six years to rid ourselves of this problem and to get a trial in state court against the other four defendants. Was your recent trial date continued because of this case, or what was the reason? It stayed because of the district court's injunction. And that trial date, by the way, Your Honor, our state court case is up against California's five-year statute, CCP 583.3110. We had been specially assigned the June 2023, June 16th, I think, 2023 trial date by the Complex Litigation Division in Alameda County just to accommodate the five-year statute. And then in December of last year, when we're preparing for that trial, the Eastern District of California not only reinstates the injunction against WSR, which, as I say, I think is erroneous, but I don't particularly care about, but goes beyond that and stays the entire case. But your, I guess it's the first amended complaint in state court does name WSR as a defendant. Now that they're in the case, we've got no choice. If we want to preserve joint and several liability, we can't let them out. So we have to pursue WSR as well. And we've been asking from the start, alleging that this is a single claim case. And it is a single claim case for reasons I'll be happy to explain. Maybe you can turn to that. Why is it a single claim case when there are people other than you, the insurers, are seeking indemnity, there are claims for attorney's fees? No problem. The best way to explain that is to realize that the procedural aspects of the Limitation Act are a remedy in the nature of interpleader. They're designed to protect a vessel owner from multiple judgments and multiple claims in the case of a marine disaster like the catastrophic for my clients. But it's just a single death. It's just a single claim. There's just a single plaintiff. And there will only and ever be only a single judgment. The cross claims for indemnity and contribution, they're shams, as we can prove if and when the time comes. In fact, as Mr. Felder will concede, the indemnities in this case, far from having an agreement, agreed to indemnify and defend WSR for this lawsuit. So these claims for contribution indemnity are shams. But let's assume they're not. They are merely derivative claims. They don't give rise to a new judgment. They don't give rise to a new claim. They simply decide how that claim is going to be apportioned between multiple tort feasors. What's more, a claim for indemnity and contribution doesn't even accrue until the indemnity has been found liable on a judgment. So basically, the Eastern District of California has prematurely enjoined me from pursuing my claims, Ms. Willis's claims, against the four other defendants. What about the defense costs, the attorney's fees that the insurer is requesting? That is a complete sham. The American rule, as the court knows, only allows fee shifting where there is A, either a fee-shifting agreement, or B, a fee-shifting statute. The claim alleges neither. There is no fee-shifting agreement here. And to the contrary, the insured in this case has agreed to defend and indemnify WSR. So that is a complete sham. But suppose, I mean, setting aside the sham nature of, you know, the alleged sham nature of the indemnity claim, which I think is not before us, you know, suppose you get a judgment against, say, $1 million, right? And then they pursue their claim for indemnity against WSR for $1 million, right? And meanwhile, you're also suing WSR. That seems fairly obviously to create the prospect that WSR will end up paying out more than the $5,000 value of the vessel. Oh, no. It cannot. It has no effect on the substantive limitation. If WSR is entitled to a substantive limitation, come hell or high water, it doesn't have to pay anything more than the value of this jet ski. If it is ultimately and substantively found to have been within, if the tort that was committed, if its negligent entrustment was committed within the privity or knowledge of its owners, and these are downstream substantive questions that we haven't come close to yet, but in that situation, then there can, it can go beyond the substantive limitation. What we're concerned about here... So you would concede at that point, there are additional claimants then? No, no, I don't. Why not? Well, because again, they're all derivative. There is no claim. There absolutely is no claim for attorney's fees. There can't be. There is no statute. There is no contract that shifts fees. This is complete nonsense. And it's our procedural contention that if the district court had done what this court has already ordered to do twice, which is to conduct a prejudice inquiry before entering any injunctions, the district court would have permitted the state court to hear Mr. Felder's demur to that very claim. I guess I'm unclear. Your client has stipulated to the $5,000 value. We have. Right. But what Judge Miller is saying is the employer and the employer's insurance could get a judgment that is greater than that. So, and it would all be based on this. No. Why not? No, they couldn't because the limitation, if the defendant is entitled to limitation, it doesn't matter how many claims there are. I mean, for example, the Titanic when it sank. But then they would all be claimants for the same $5,000. That's true. That's true. And that's, and I go back to Judge Lynn's point. So then there's more than one claimant, right? At a minimum, you have to say the employer and the employer's insurance company are claimants. Well, again, I respectfully disagree because I think that those claims are a sham. However, let's assume they're not. Okay. I go back to Judge Lynn's observation. If that were the case, then the most that the district court could or should have done was to stay my action against WSR and to enjoin the carrier and Mr. Petrie from cross claims in state court and required those cases to be tried in Admiralty. It had absolutely no jurisdiction under either the Limitation Act, much less the Anti-Injunction Act, to enjoin my action against WSR. If the most it could have done was to preserve, in order to preserve the right to limitation, was to gather the claims against WSR into Admiralty, but it had absolutely no jurisdiction to enjoin my claim against the other defendants. And that's clear from the face of the statute. I believe it's just been modified, but the current statute, I believe, is 46 CFR 30529C, which says that you can enjoin actions against the owner or a demise charter. But there's nothing in that statute and nothing in Rule F, which is the rule that the Supreme Court has adopted to allow you to enjoin lawsuits against any third parties. It's just not there. And again, I go back to the, this is not just an issue of my jury rights. This is a basic rule of federalism. Unless and until the WSR and the district court satisfy 2283, this court has to presume that the district court has overstepped its bounds. I see I'm into my rebuttal time, and I'd like to preserve my time. Thank you very much. And we'll hear from Mr. Felder. May it please the court. My name is Otis Felder. I'm here on behalf of Williams Sports Rentals, the athlete or respondent sometimes in the case on this appeal. It has been a long time since there was a tragedy involving a young man on August 13, 2016. That tragedy arose from a rental by two individuals, Mr. Smith, Mr. Petrich, who rented a jet ski under terms that they would only be the ones on the jet ski. Hours later and miles from the rental company, they took on a rider, contrary to their agreement, contrary to the law of the state of California that required him to have a life vest on, and he fell off and drowned. This is a classic case for limitation on behalf of the vessel owner, Williams Sports Rentals. Maybe you can start with the point that your friend, Mr. Hilsman, concluded with, which is what's the basis for an injunction that bars Willis from suing the other people? If there's an injunction that protects you from the indemnity claims and from the direct claim by Willis, what basis does the district court just stop him from pursuing other people in state court? The basis factually now is that Williams Sports Rental is now part of that state court case. The law of this circuit in Paradise Holdings, 795 F. 2nd. 256, requires or the 9th Circuit took up that issue about whether or not to enjoin proceedings not only against the vessel owner, but its captain. In that case, there was an incident where the boat had backed up into some swimmers in Hawaii. No, it wasn't two boats. It was just a swimmer and a boat that had backed up into them. The court found that there was admiralty jurisdiction. The estate of the man who died had filed a case both against the vessel owner and also against the captain in Hawaii. But the statute providing for this limitation of liability only provides the cessation of actions against the vessel owner. Well, Ashley, you're, Judge Koh, you bring up a point that's not what it says. I'm just looking at 46 U.S. Code section 3529. Right. 30529C says all claims against the owner that are related to the matter, related to, is a broad grant of jurisdiction to the district court to enjoin and by this court's precedent in Paradise. No, but what I'm raising it for is vessel owner. It doesn't say that it can enjoin all lawsuits against Mr. Williams' employer, the Williams insurer, the driver of the jet ski. It only says that you can cause the cessation of claims and proceedings against the vessel owner. That's the point that I'd like you to address. That's related to the matter. Right, but it's not all claims related to claims against the owner. It's all claims against the owner that are related to the matter. So it seems like textually it still has to be a claim against the owner in order to address it a different way. It hasn't been determined yet, but Willis herself in her own complaint, and it's in the record at ER 83 at paragraphs 14 and 6, labels the renters as charterers. They have the same standing as owner to be involved in a limitation proceeding. They can bring it as a defense. They don't have to initiate it. They can be part of a limitation action. So the fact of the matter is renters, the maritime parlance, is charterers for renters. In fact, they were what we call owners pro hofiche. They stood, there was no crew provided by Williamsports Rentals. They had total control of the vessels. They weren't under any guidance or tour by any other employees of Williamsports Rentals. So they're charterers as far as the law is concerned, and the statute has been applied to charterers with respect to being owners as well. And what follows from that in this case? The status of the renters as charterers? Well, because they're charterers, that means they also stand or can be viewed as owners. Okay, but Petrich and Zip and the insurance company, they're not charterers, are they? Petrich did rent to Jet Ski, yes. Petrich and Smith both rented on a single agreement two Jet Skis for single use only. So they both were renters. But Petrich's Jet Ski, was it involved in the accident? It was not. Okay, so why would he have? And he hasn't asserted a Limitation Act claim. He hasn't. And he's not barred from asserting that as a defense at this point. He can't initiate a limitation proceeding at this point because it's past the six-month statute, but he's entitled to claim limitation if he so chooses as part of the limitation action that's already been stayed. I mean, that has been initiated. But the point is, if you're reading, if you're going to read narrowly 30529C and create new precedent in contrary to Paradise Holdings, which only an en banc panel can do, then the alternative argument is that those renters are charterers and they also have the standing as owners under the statute because owners is defined to include charters. So what it doesn't include though is vessel captains and in Paradise Cruises, even when it was someone who didn't have the standing as an owner, the Ninth Circuit said, nonetheless, we are going to stay the state court action until the limitation proceeding is resolved. So wouldn't they have to be asserting this right for themselves right here, right now? Why do you have the right to assert it? I don't. All I'm talking about is whether or not the district court abused its discretion in saying initially when it was braced to its attention that the state court action was becoming multi-claimant. Why it affects us is because although Mr. Hilsman said, you know, if there's a limitation, it's going to bar everybody else from, that's the whole point, is to go through the limitation proceeding to make sure there's res judicata and collateral estoppel against both Petrich, Smith, and any other claimants. The district court has since, the December order when it enjoined the state court case, has since now found that this is multi-claimant. So we're no longer under the situation where it's single claimant. And only single claimant allows this anomaly of allowing a claimant to proceed with the state court action first. In no case when it's involving multi-claimant is the claimant allowed to depart and proceed in their action in state court. And the reason for that is clear under Ex parte Green is that the exclusive jurisdiction of determining limitation issues is with the district court. And that was not only, that's not only the law by the U.S. Supreme Court, but it was also stipulated to by Ms. Willis as part of her conditions for allowing her to proceed in state court. The problem is, is that the other claimants haven't made that stipulation. And if without that stipulation, agreeing that the district court has the exclusive jurisdiction, agreeing that it's not a collateral estoppel if something happens adverse or there's some ruling in the state court action. Without the other three or four stipulations that are required, there's an inability to hold them, to hold, I mean, I wish it were the case that the limitation action will limit the recovery once it's been found. Why can't the court enter an injunction that provides that all claims against your client must be asserted in the federal court? It has. Okay, why isn't that enough to satisfy your concerns? Because it doesn't limit the claimants, it doesn't limit the claimants in the state court action to do what they were here is because there was a Rule F injunction. All claims were supposed to be brought in the federal court. The court lifted the stay so that the state court action, which by the way, did have three prior trials dates that the case could have been tried in state court, didn't have to wait for WSR to come into the case. But once WSR is inserted in the state court case, the other claimants attempted to assert claims against WSR, which only can be done in the federal limitation action. They can't assert claims. That was our whole point, and bringing it back to the district court's attention that as we, and actually as we predicted what would happen when this was before the district court before, is that once the district court allowed the state court action to proceed, it was, you know, in California, it's pretty... So can I just ask you a question? So you don't think the injunction, which says the continued prosecution of any legal proceedings of any nature, except in the present, you know, federal, you know, limitation of liability proceeding in respect to any claim arising from the 2016 incident described in the complaint, are hereby stayed and restrained until the hearing and termination of this proceeding? You don't think this is at all overbroad? No, it's consistent with every other order and limitation that I have ever seen and have ever prepared for the court. It's consistent with the Paradise Holdings case. It's... If we can go back to Paradise Holdings for a minute, because in your brief you cited the central district's decision, but I don't believe you cited the circuit opinion in that case. But as I understand it, the claim against the owner and the claim against the captain, but the owner and the captain had a common insurance policy. And the concern that the court expressed was that pursuing relief against the captain would deplete the owner's insurance and thereby prejudice the claimant. We don't have that sort of concern here, do we? Well, we do have a concern that the limitation, you know, as Mr. Hilsman said, is that he expects and has said to the district court, part of the promise, at least from Willis, is that she didn't expect that anything more than $5,000 would be, you know, possibly awarded against WSR. But with respect to the other claimants, they don't have any limitation on them. Right. Okay. Sure. But if you are protected from an indemnity claim from Petrich or Zip or Zip's insurance company, as long as you have that protection, it doesn't matter to you how much they end up paying, does it? It does, because we're not protected against a claim. I mean, I understand why... I understand the hypothetical, but it's not possible unless those claims are being resolved in the federal court or the claimants enter into the same required stipulation that Ms. Willis did to allow it to go forward in the state court case. But if the injunction just said, you know, they are barred from pursuing indemnity against you, except by coming to federal court in the limitation proceeding, at that point, then you'd be protected, right? Because the state court can do whatever it wants against them, but nobody is going to come after you except in the Limitation Act proceeding, right? Wouldn't that be sufficient protection? You would think it would, Your Honor, and that's what the district court ordered. But nonetheless, the state court allowed the other claimants to violate the Rule F order, and we had to go back to the federal court and say, the state court's in violation under ex parte green of usurping issues that are for the federal court's exclusive jurisdiction. Okay. Well, I mean, but that... I mean, that seems like a sort of different claim. I mean, is the claim, you know, because the state court violated the Well, the argument is that the district court is following the precedent and did not abuse its discretion by issuing an injunction or cessation of the state court action with respect to issues that are within its exclusive jurisdiction, which the anti-injunction statute does not only provides that if Congress provides otherwise, which it certainly does in the Lola Act, but the second exception for the anti-injunction statute is if the court is acting out of protecting its jurisdiction, which the court certainly was. So, I mean, this... But what is your complaint if they file all their claims and pursue them vigorously as long as it doesn't affect your client? Why do you care about that? Why do... Why do you care? If they get a $400 million judgment against the parties that are suing you for indemnity, as long as your limitation of liability is protected in the  I don't care in that sense, Your Honor, but the problem is you can't... If they get a judgment against the other potential claimants and those claimants aren't limited by the limitation action because they're not parties and that action has stayed for some reason, then there isn't a protection for Williams-Ford's rentals. That's why I care, is because if they were... If they had done the same stipulation as the claim... As Ms. Willis did, right? So, there's five different things that they have to stipulate to to allow the state to... The state court to proceed. If the other... If the other... The renters had done that, then possibly it could go forward. But the problem is, this is all... Once the matter becomes multi-claimant, then there is no single claimant exception. The district court has already decided... We've provided to the court a request for judicial notice. Since all of this happened, the district court has already decided that this is a multi-claim case that now is outside of the exception for single claimant. And once that happens, then it is up to the district court, just like in Ex Parte Green and also other subsequent cases. Once it becomes multi-claimant, every court agrees that if it's multi-claimant, there is not a single claimant exception and this claimant can't proceed in state court until after the resolution of the LOLA proceeding. And that resolution can take place fairly quickly. I mean, when we were originally in the district court, we didn't have a trial date yet, but the parties had submitted a joint statement of the case and plan that the case was going to be resolved and tried, at least on the liability on the Limitation Act part of it, within six to seven months. So, you know, this case could have been resolved years ago if that proceeding had been... if the district court would have been allowed to do what it needs to do under the Limitation Act, decide whether or not there's limitation or not, i.e. whether... Can I ask you one quick question? You're over time by two and a half minutes. Are you challenging the jurisdiction of this court to hear this appeal? Yes or no, just because you're over time. Sorry. Not at this time, Your Honor. Thank you. Thank you. May Judge Lynn's prediction of a $400 million verdict go directly to God's ears. Thank you, Your Honor. Four quick points. First of all, the state court has not allowed these claims. The state court gave the intervener leave to file it and then invited Mr. Felder to demur to the claim. There were no multi-claim cases in the state court yet. That's wrong. Two, Judge Mendez, when he originally heard this case, we asked him, are you staying the whole case? And he said, absolutely not. I'm simply staying the case against WSR. If you want to pursue Petrick and Zipp and Smith, go with God, go ahead. It is only when Judge Mueller got the case that the injunction suddenly expanded. Third, the notion that the renters are demise charterers within the meaning of Rule F or Section 30529 is absurd. As Judge Mueller pointed out, if they had sought to make that, to claim that status, they had to do so seven years ago, within six months of receiving notice of this claim. There's no allegation anywhere, other than from counsel's lips, that the tourists who caused this accident are demise charters entitled to relief under the Limitation Act. Is there anything preventing WSR's counsel from bringing these parties into the federal action? He tried earlier, when Judge Mendez still had the case, and Judge Mendez had stayed the case and said, I'm not going back down this carousel. This has gone around and around and around too much. That's after this court had already reversed him twice. At this point, and this takes me to the fourth and final point, the stipulations, if the court decides to leave that portion of the order which stays my action against WSR in place, and that portion of the order which stays the cross claims for indemnity and contribution against WSR in place, and the cross claimants wish to proceed in state court, then they will have to file the protective stipulations. But if they don't wish to proceed in state court, as apparently they do not because they refused to enter the stipulations when I invited them to, then they don't have to file the stipulations and they can go argue in front of the district court. You hit it exactly right. WSR gets everything they want if the claims against WSR are heard in admiralty. We get everything we want if the claims against Smith, Petrick, Zipp, and Berkeley are heard before an Alameda County jury. I'm hoping that in the wake of that trial, I can walk away from this case and let the WSR and the cross defendants argue it out in front of Judge Mueller. But as things stand, Judge Mueller's stay of every single action arising out of the August 2016 Jet Ski Accident is overbroad under the Limitation Act. It's overbroad under Rule F, and it violates constitutional principles of federalism and the Anti-Injunction Act. Unless there's anything else that Mr. Felder said that you'd like me to talk about, I'm prepared to submit. Thank you, counsel. Thank you very much. Thank both counsel for the arguments. The case is submitted, and we are adjourned.
judges: MILLER, KOH, Lynn